UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

ADETOLA ILEGBUSI,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,
a Florida not for profit corporation,

    Defendant.
_____/

## **C O M P L A I N T**

COMES NOW, the Plaintiff, ADETOLA ILEGBUSI, by and through his undersigned attorneys, and hereby sues the Defendant, UNIVERSITY OF MIAMI, a Florida not for profit corporation, and alleges:

1. This is a proceeding for declaratory and injunctive relief and monetary damages to redress deprivation of rights secured to Plaintiff, ADETOLA ILEGBUSI (hereinafter referred to as "Plaintiff"), by the Civil Rights Act, 42 U.S.C. § 1981 for all available relief thereunder including attorney's fees and costs pursuant to 42 U.S.C. § 1981. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(3) and § 1343(a)(4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure relief under 42 U.S.C. § 1981.

2. Plaintiff was employed since 2022 by Defendant, UNIVERSITY OF MIAMI.

3. Plaintiff's performance at Defendant was commensurate with the competencies outlined within Plaintiff's job description.

4. Plaintiff is an African American. On November 14, 2022, Defendant hired Plaintiff as the Director of Privacy. Plaintiff was pressured to move from New Jersey to South Florida immediately. Plaintiff did so, but also worked remotely from New Jersey. Plaintiff physically moved his entire family on January 1, 2023.

5. Defendant, UNIVERSITY OF MIAMI, is a corporation licensed to do business in the State of Florida and was doing business at all times material hereto in Broward, Miami-Dade, and Palm Beach Counties.

6. At all times material hereto, Defendant was an employer subject to the requirements of 42 U.S.C § 1981.

7. Alyssa Lawrence (hereinafter "AL") is involved in the management and supervision of employees in Miami-Dade County, Florida.

8. AL is the Executive Director of Compliance for Defendant.

9. Plaintiff was terminated by Defendant on January 31, 2023 after only being employed for less than ten weeks.

10. Plaintiff was discriminated against because of his race (African American) in violation of 42 U.S.C. § 1981, as amended. Further, Plaintiff was a victim of retaliation in violation of 42 U.S.C. § 1981, as amended, based upon the following:

   a. Manager AL knew Plaintiff was one of only two black members of the compliance department and commented that she "was surprised to see you (Plaintiff) in an expensive car." She then pointed out her husband drove a more expensive vehicle than Plaintiff.

   b. Manager AL early and often made several comments about Plaintiff's salary and stated that Plaintiff was being "paid too much."

    c.    Manager AL also called upon another minority CISO employee an "idiot" who "couldn't get anything right in his department." Concurrently, AL noted this minority CISO employee's supervisor, a white male, loved AL.

    d.    Plaintiff told AL that he intended to go to Human Resources and inform them of his belief that AL was discriminating against him. AL informed Plaintiff on January 27, 2023 that AL had her supervisor (who hired Plaintiff) "wrapped around her finger" and AL said her supervisor (Julie Dean) "would do what AL told her to do." Plaintiff believed this comment was a threat.

    e.    Previously, AL had promised that Plaintiff would be evaluated at the 90 day mark. Yet instead, AL terminated Plaintiff on January 31, 2023, just weeks before his 90 day period as promised.

    f.    AL raised pretextual grounds for Plaintiff's discharge that were subjective and biased spins on events taken out of context to mask her racist and retaliatory motives.

## COUNT I:  RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

11.    Plaintiff realleges and reavers Paragraphs 1 through 10, above, as if fully restated herein.

12.    Plaintiff made complaints of racial discrimination to AL. These complaints constitute opposition to racial discrimination in the workplace and are protected under federal law.

13.    Four days later, Plaintiff was terminated.

14.    AL fired Plaintiff in retaliation for Plaintiff's exercise of protected conduct.

15. As such, Defendant has violated 42 U.S.C. § 1981 and proximately caused the following damages:

   a. loss of income--past, present and future;

   b. impairment to earning capacity;

   c. humiliation and stress relative to this stigma of termination;

   d. mental pain and suffering--past, present and future; and

   e. loss of employee benefits--past, present and future.

WHEREFORE, Plaintiff, ADETOLA ILEGBUSI, respectfully requests judgment against Defendant, UNIVERSITY OF MIAMI, for damages caused pursuant to 42 U.S.C. § 1981, trial by jury, and for any other further relief that this Court may deem just and propery.  Plaintiff, ADETOLA ILEGBUSI, requests attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

Plaintiff, ADETOLA ILEGBUSI, demands a trial by jury on all issues so triable.

Respectfully submitted,

CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Counsel for Plaintiff
Compson Financial Center, Suite 227
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail:  crush@crushlawfl.com
E-mail:  lmyers@crushlawfl.com

By       /s/ Christopher J. Rush
      Christopher J. Rush   (FBN 621706)