# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-24069-CIV-LENARD/ELFENBEIN

ADETOLA ILEGBUSI,

      Plaintiff,

v.

UNIVERSITY OF MIAMI,

a not-for-profit corporation.

      Defendant.

_____/

## <u>ORDER</u>

      THIS CAUSE is before the Court on the Motion to Dismiss ("Motion") (D.E. 19) filed by Defendant University of Miami ("Defendant"). The Motion seeks the dismissal with prejudice of the Amended Complaint ("Amended Complaint") (D.E. 16) filed by Plaintiff Adetola Ilegbusi ("Plaintiff"). Plaintiff subsequently filed a Response to the Motion ("Response") (D.E. 25), to which Defendant filed a Reply ("Reply") (D.E. 30). Based on the Amended Complaint, the Motion, the Response, the Reply, the docket, and otherwise being fully informed, the Court finds as follows.

## I.    Background

      Plaintiff filed the first Complaint (D.E. 1) on October 21, 2024. After Defendant filed a Motion to Dismiss (D.E. 8), Plaintiff filed the Amended Complaint on December 3,

2024, alleging one count of retaliation in violation of 42 U.S.C. § 1981 against Defendant. D.E. 16. The Amended Complaint alleges the following facts.

On November 14, 2022, Plaintiff, an African American man, was hired by Defendant for the role of director of privacy. D.E. 16 at 2. Thereafter, Plaintiff moved to Miami on January 3, 2023. *Id*. In the weeks that followed, Plaintiff claims his manager, Alyssa Lawrence ("Lawrence"), made several comments, which he avers were racially disparaging. *Id.* Plaintiff claims Lawrence stated: that she was surprised that he drove an expensive car, but that her husband drove a more expensive car; that Plaintiff was being "paid too much"; and that another minority employee was an "idiot…who couldn't get anything right in his department." *Id*. at 3.

Plaintiff alleges that, based on these comments, he had a good faith, honest belief that Lawrence was discriminating against him. D.E. 16 at 3. Plaintiff claims he told Lawrence of his belief, and of his intention to tell human resources he believed she was discriminating against him. *Id.* Plaintiff claims that Lawrence then informed Plaintiff that she had her supervisor "wrapped around her finger" and that the supervisor "would do what [Lawrence] told her to do."[1] *Id*. Plaintiff believes this comment was a threat and an act of retaliation. *Id*.

---

[1] According to Plaintiff, Lawrence's supervisor, Julie Dean, hired Plaintiff. D.E. 16 at 3.

Plaintiff was terminated on January 31, 2023. D.E. 16. Plaintiff claims Lawrence "raised pretextual grounds for Plaintiff's discharge that were subjective and biased spins on events taken out of context to mask her racist and retaliatory motives." *Id.*

On December 10, 2024, Defendant filed the Motion (D.E. 19), seeking the dismissal, with prejudice, of the Amended Complaint.[2] D.E. 19. The Motion argues that Plaintiff fails to state a claim and that his claims are frivolous.[3] *Id.* at 1. Defendant argues that Plaintiff's Amended Complaint fails because he does not plead with specificity the requisite elements of a § 1981 claim for retaliation. *Id.* at 8. Defendant claims that since Plaintiff's allegations of racial discrimination are not objectively reasonable or in good faith, Plaintiff has not alleged that he engaged in a statutorily protected activity for which he suffered retaliation. *Id.* at 9-12. Defendant moreover claims that Plaintiff fails to allege causation between Lawrence's alleged comments and the termination of Plaintiff's employment. *Id.* at 12-14. Defendant instead claims that Plaintiff was fired during his probationary period, because he fraudulently misrepresented his qualifications and was incompetent in his role.[4] *Id.* at 14. Finally, Defendant claims that because the Amended

---

[2] Concurrent to the Motion, Defendant filed a Motion for Sanctions (D.E. 18), alleging this case is frivolous, and requesting an award of sanctions for reasonable attorney's fees and expenses incurred in defending against this action. *See* D.E. 18. The Court will address the Motion for Sanctions in a separate order.

[3] Defendant argues that Plaintiff has not cured the deficiencies present in his original Complaint (D.E. 1). D.E. 16 at 1. In its first Motion to Dismiss (D.E. 8), Defendant similarly argued that the Complaint failed to state a claim and moved to dismiss without prejudice. *See* D.E. 8.

[4] Attached to the Motion are several documents concurrent to Plaintiff's employment with Defendant which provide support to its claim that Plaintiff was fired for incompetence and misrepresentation. These documents include: (1) an Offer Letter ("Offer Letter") (D.E. 19-1) extending an offer of employment to Plaintiff; (2) a Termination Letter ("Termination Letter") (D.E. 19-2) firing Plaintiff, ostensibly for poor performance and misrepresentation of his

Complaint is frivolous, and because Plaintiff did not cure any of the deficiencies present in his Complaint when he has already received an opportunity to correct these deficiencies, the Court should dismiss the Amended Complaint with prejudice. *Id.* at 15-16.

In his Response, filed January 10, 2025, Plaintiff argues the attachment of the Offer Letter, Termination Letter, and Resume is inappropriate at this stage of the case, as none of these documents were included or referenced in the Amended Complaint. D.E. 25 at 3-7. Plaintiff claims that the inclusion of these documents, and the request that the Court consider them in this Order, is in contravention of FRCP 7 and 10, and established case law. *Id.* Plaintiff further asserts that the Amended Complaint meets pleading requirements and contains sufficient factual matter to survive a motion to dismiss. *Id.* at 7-11.

Defendant filed its Reply on January 17, 2025. In it, Defendant asserts that the attachment of the Offer Letter, Termination Letter, and Resume is appropriate, and that Plaintiff's assertion that case law precludes their inclusion is incorrect. D.E. 30 at 1-3. Defendant further reiterates its claim that the Amended Complaint fails to state a claim for retaliation. *Id.* at 3-9.

## II.   Applicable Law

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a

---

qualifications; and (3) Plaintiff's Resume ("Resume") (D.E. 19-3), which he submitted to Defendant while applying to the position for which he has been terminated. *See* D.E. 19-1; D.E. 19-2; D.E. 19-3.

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *"*A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. "Although the Court is required to accept all of the factual allegations as true, this tenet is inapplicable to legal conclusions." *Rhenals v. Fed. Express Corp.*, No. 1:24-CV-22556, 2024 WL 4665254, at *2 (S.D. Fla. Nov. 4, 2024) (citing *Iqbal*, 556 U.S. at 678). "In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).

Per 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a). This establishes three requirements for a discrimination claim under § 1981: "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate

on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004).

"Retaliation claims are also cognizable under 42 U.S.C. § 1981 and are analyzed under the same framework as Title VII claims." *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020). "To make a *prima facie* case for a claim of retaliation under Title VII, a plaintiff must first show (1) that 'she engaged in statutorily protected activity,' (2) that 'she suffered an adverse action,' and (3) 'that the adverse action was causally related to the protected activity.'" *Id*. Once a plaintiff makes a *prima facie* case, the burden shifts to the defendant to offer a non-discriminatory reason for the adverse action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803 (1973).

However, as "[t]he prima facie case under *McDonnell Douglas*…is an evidentiary standard, not a pleading requirement[,]" a Title VII plaintiff need not plead a *prima facie* case in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). "Nevertheless, a Title VII plaintiff, like any other plaintiff, must still satisfy the plausibility standard set forth in *Twombly* and *Iqbal*." *Horace v. ARIA*, No. 23-12414, 2024 WL 1174398, at *4 (11th Cir. Mar. 19, 2024). Further, "[t]o state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). This standard likewise applies to Title VII, and by extension, § 1981 retaliation claims.

"Title VII recognizes two forms of statutorily protected conduct. An employee is protected from discrimination if (1) 'he has opposed any practice made an unlawful employment practice by this subchapter' (the opposition clause) or (2) 'he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter' (the participation clause)." *Ceus v. City of Tampa*, 803 F. App'x 235, 245 (11th Cir. 2020). Title VII "shields an employee from retaliation regardless of the merit of her complaints so long as she can show a good faith, reasonable belief that the challenged practices violate Title VII." *Rollins v. State of Fla. Dep't of L. Enf't*, 868 F.2d 397, 400 (11th Cir. 1989). A plaintiff's burden under this standard contains both subjective and objective components. "A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented." *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997).

## III.   Analysis

### a.   *Plaintiff has not Pleaded Sufficient Factual Matter to Claim that he Engaged in a Statutorily Protected Activity*

Plaintiff advances a claim under § 1981 for retaliation against him for his opposition to Lawrence's alleged racially discriminatory treatment of him. D.E. 16 at 2-3. Plaintiff further claims he "had a good faith, honest belief that [Lawrence] was discriminating against him, and therefore, Plaintiff told [Lawrence] that he intended to go to Human

7

Resources and inform them of his belief that [Lawrence] was discriminating against him."
D.E. 16 at 2-3. Plaintiff claims he engaged in a statutorily protected activity by opposing
Lawrence's alleged discrimination.

To satisfy this requirement in establishing a *prima facie* case, Plaintiff would have
to show that he had both subjectively believed Lawrence was discriminating against him,
and that his belief was objectively reasonable. *Little*, 103 F.3d at 960. Plaintiff "need not
prove the underlying discriminatory conduct that he opposed was actually unlawful in
order to establish a prima facie case[.]". *Id.* To survive the Motion, the Amended Complaint
need only plead sufficient factual matter to plausibly claim his belief that Lawrence was
discriminating against Plaintiff on the basis of his race was objectively reasonable. *See
Surtain*, 789 F.3d at 1246-1247.

The Court first examines Lawrence's comments that Plaintiff alleges constitute
racial discrimination. Plaintiff lists three comments by Lawrence which he alleges
demonstrate her discriminatory intent. First, Lawrence remarked that she was surprised to
see Plaintiff driving an expensive car, but that her husband drives a more expensive car.
D.E. 16 at 2. Second, Lawrence commented that Plaintiff was being paid too much. *Id.*
Third, she called another minority "CISO" employee an "idiot" who "couldn't get anything
right in his department." *Id.* at 3. The Court takes these allegations to be true in its analysis.

The Court notes that nowhere in the Amended Complaint does Plaintiff allege that
Lawrence commented on his race, used a slur or other discriminatory language, or

expressed a racially discriminatory belief. Nevertheless, Plaintiff maintains that race was implicated by Lawrence's comments. D.E. 16 at 3. The Court, however, is not persuaded.

In the present case, Plaintiff does not point to a single racially derogatory remark, and instead cites three comments, which, while uncouth, bear no implicit connection to race. With race notably absent from Lawrence's comments, Plaintif appears to have inferred racist intent. The Amended Complaint does not explain why Plaintiff believed that he was being discriminated against by Lawrence or why he inferred that Lawrence's comments were racist. Rather, Plaintiff merely states that he "had a good faith, honest belief that [Lawrence] was discriminating against him[.]" D.E. 16 at 3. In his Reply, Plaintiff proffers that it is reasonable to infer from his allegations that (a) Lawrence's comments were intended to insult Plaintiff; (b) Lawrence's comments were intended to invalidate Plaintiff; (c) due to the frequency of the comments, his belief that the comments would continue was reasonable; and (d) Lawrence harbored a racial bias. D.E. 25 at 10-11.

The Court is not convinced of the plausibility of Plaintiff's conclusion that from his allegations, "it is reasonable to infer…[Lawrence] harbored a racial bias." D.E. 25 at 10-11.  The Eleventh Circuit has held that comments that do not bear any connection to race are not actionable under Title VII, and by extension, § 1981. "Innocuous statements or conduct, or boorish ones that do not relate to the [race] of the actor or of the offended party [], are not counted. Title VII, as it has been aptly observed, is not a 'general civility code.'" *Gupta v. Fla. Bd. of Regents,* 212 F.3d 571, 583 (11th Cir. 2000), *overruled on other grounds*.

The Eleventh Circuit has held that a plaintiff's claim alleging discrimination under the analogous anti-discrimination provisions of the Americans with Disability Act could not survive a motion to dismiss where she did not plead sufficient factual matter. *Surtain*, 789 F.3d at 1246-1247. The plaintiff in that case alleged that she was terminated by her employer after she was told by a doctor that she could not return to work until further notice. *Id.* at 1246. The Eleventh found that these facts did not plausibly support a conclusion that the plaintiff's employer perceived that she suffered from a disability, a key element in her claim. *Id.* at 1247.

Unlike in *Surtain*, in the present case Plaintiff alleges he was terminated in retaliation for his opposition to racial discrimination. Nevertheless, *Surtain* provides instruction for the Court's determination of whether Plaintiff has pleaded sufficient factual material to support a plausible claim for retaliation. As in *Surtain*, Plaintiff proffers no factual support for his conclusion that Lawrence was discriminating against him on the basis of race. Lawrence's comments do not mention the race of Plaintiff or anyone else, and the Amended Complaint offers no context for why he believes her comments related to his race.

Other cases from within the Eleventh are persuasive. In *Rhenals*, a court in this District dismissed a harassment claim because "Rhenals does not allege any facts for which this Court can conclude that he was harassed because of his age. For instance, Rhenals states that he was harassed during 'each of [his] workdays' yet offers no facts to support that any of the harassment was based on a protected class—his age." *Rhenals*, No. 1:24-

CV-22556, 2024 WL 4665254, at *4. Although *Rhenals* concerned harassment, rather than retaliation, the facts in *Rhenals* are otherwise analogous to the present case. As in *Rhenals*, Plaintiff has failed to offer facts to support his conclusion that Lawrence's comments were motivated by an intention to discriminate against Plaintiff.[5]

Plaintiff appears to have premised his assertion of racial discrimination around the fact that Lawrence, a white woman, made disrespectful but non-racial comments towards Plaintiff, a black man. This speculation does not avail him. *See Robinson v. Michelin N. Am., Inc.*, No. 1:16-CV-00656-SRW, 2018 WL 6331694, at *5 (M.D. Ala. Dec. 4, 2018) ("Other than noting the different genders of those involved, the plaintiff provides nothing beyond conclusory speculation that defendant discriminated against her because of her gender.").

Further, "subjective complaints of 'rudeness' qualify as 'those petty slights or minor annoyances that often take place at work and that all employees experience' and for which Title VII provides no protection." *Bell v. Dep't of Hum. Res.*, No. 2:16-CV-01658-RDP, 2018 WL 5116839, at *13 (N.D. Ala. Oct. 19, 2018). Indeed, the facts Plaintiff alleges amount to no more than impolite and uncivil behavior, for which § 1981 offers no recourse.

Plaintiff may have a subjectively good faith belief that Lawrence was discriminating against him on the basis of race. However, Plaintiff has not alleged *any* factual matter to

---

[5] Plaintiff, in his Response, argues that *Rhenals* is inapposite, as the plaintiff in that case "made no complaints that even remotely inferred [sic] discrimination." D.E. 25 at 11. While Plaintiff complained of discrimination, it is entirely unclear how he reached the conclusion that he was being discriminated against due to his race.

support the conclusion that Plaintiff's belief was objectively reasonable. Race appears nowhere in Lawrence's comments. Lawrence's behavior, while rude, does not indicate any intention to discriminate against Plaintiff on the basis of his race. As previously noted, even though Plaintiff is not required to make a *prima facie* case for retaliation to survive the Motion, he must "provide enough factual matter (taken as true) to suggest intentional race discrimination" in order to support his claim of retaliation. *See Surtain,* 789 F.3d at 1246. In this respect, the Amended Complaint is woefully inadequate.

The Court further notes that Plaintiff does not cite case law to support his allegation of discrimination based solely on comments so removed from race. Instead, his Response appears to emphasize the low standard he must meet to survive a motion to dismiss. *See* D.E. 25 at 7-9. While the bar is low, it is not so low that on a § 1981 retaliation claim, a plaintiff may assert that he opposed intentional racial discrimination on a set of facts in which race is not even remotely implicated. Plaintiff offers no context to support his interpretation that the remarks were motivated by discriminatory intent. Instead, his conclusion is purely speculative. This is insufficient to even plausibly allege that Plaintiff believed Lawrence was discriminating against him on the basis of race, and thus, insufficient to plausibly allege he was retaliated against for his opposition to this supposed discrimination. Because Plaintiff cannot expect his claim to survive even the favorable standard of the motion to dismiss where he has pled *no facts* to support a claim of retaliation for his opposition to discrimination, the Court grants the Defendant's Motion.

### b. *Plaintiff has Plead Sufficient Factual Matter to Allege Causation*

As an initial matter, since Plaintiff has failed to plead sufficient factual matter to support his claim of engaging in a statutorily protected activity, the Motion must be granted. However, if the Court were to continue its analysis, it would likely find that Plaintiff has provided sufficient factual matter as to the causation element of the retaliation claim. The Eleventh has held that "the causal link requirement under Title VII must be construed broadly; 'a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'" *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) citing *E.E.O.C. v. Reichhold Chem., Inc.,* 988 F.2d 1564, 1571–72 (11th Cir.1993). Nevertheless, Plaintiff's failure to provide sufficient factual matter to plausibly plead that he engaged in a statutorily protected activity renders this point moot.

### IV.   Conclusion

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss (D.E. 19) is **GRANTED** in part and **DENIED** in part. The Court **ORDERS** that the Amended Complaint (D.E. 16) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have fourteen (14) days from the entry of this Order to file a Second Amended Complaint. Failure to do so may result in the case being dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of September 2025.

**JOAN A. LENARD**
  **UNITED STATES DISTRICT JUDGE**